**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                 *Plaintiff-Appellee,*

v.

JASON LLOYD, a/k/a Lonnie Johnson,
a/k/a Jason Maxwell, a/k/a Devon
Jason Maxwell,
                 *Defendant-Appellant.*

No. 00-4637

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-99-459)

Submitted: March 30, 2001

Decided: April 24, 2001

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Brucie Howe Hendricks, Assistant United States Attorney, Charles-
ton, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jason Lloyd pled guilty to robbery, 18 U.S.C. § 1951(a) (1994) (Count One), using and carrying a firearm in a crime of violence, 18 U.S.C.A. § 924(c) (West 2000) (Count Two), and being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2000) (Count Three). He received a sentence of sixty months for Counts One and Three, and a consecutive sixty-month sentence for Count Two. Lloyd appeals his sentence, alleging that the district court erred in giving him an enhancement for physical restraint of a victim under *U.S. Sentencing Guidelines Manual* § 2B3.1(b)(4)(B) (1998).* We affirm.

Lloyd entered a motel in Charleston, South Carolina, wearing a mask and armed with a revolver. He ordered the night clerk into the office at gunpoint, and demanded money. Not satisfied with the money from the cash drawer, Lloyd demanded more. The clerk went with Lloyd to the motel owner's apartment next to the office. The clerk knocked on the door and Usha Patel, the owner's wife, opened it. When she saw Lloyd, she tried to shut the door, but Lloyd gained entry and demanded money. Mrs. Patel gave Lloyd the contents of a box containing several days' receipts, as well as her purse and two watches. The owner, Vibhash Patel, who was recovering from a recent operation, was also in the room. As Lloyd left, he ordered all three victims to lie on the floor.

Lloyd does not challenge the district court's factual determinations concerning the sentence. The district court's interpretation of a guideline is a legal issue reviewed de novo. *United States v. Singh*, 54 F.3d 1182, 1190 (4th Cir. 1995). Application Note 1 to § 2B3.1 provides

---

*Because Lloyd was also sentenced for the § 924(c) conviction, no enhancement for possession or use of the firearm could be applied under § 2B3.1. *See* USSG § 2K2.4, comment. (n.2).

that the term "physically restrained" is defined in the commentary to USSG § 1B1.1. Application Note 1(i) to § 1B1.1 states that "'physically restrained' means the forcible restraint of the victim such as being tied, bound, or locked up." We have held that physical restraint is not limited to the examples listed in § 1B1.1. *United States v. Wilson*, 198 F.3d 467, 471-72 (4th Cir. 1999), *cert. denied*, 529 U.S. 1076 (2000). We have further held that "a victim need not be tied or bound up so that his movement is completely restricted;" instead, he may be physically restrained by being "locked up," in some manner. *United States v. Stokley*, 881 F.2d 114, 116 (4th Cir. 1989).

A two-level adjustment may also be made under USSG § 3A1.3 (Restraint of Victim) when the unlawful restraint is neither an element of the offense nor incorporated into the guideline applicable to the offense. *See United States v. Mikalajunas*, 936 F.2d 153, 156 (4th Cir. 1991) (adjustment may be warranted for act which adds to the basic crime).

Lloyd contends that the district court erred in applying the enhancement because he did not forcibly restrain his victims, and his threat of physical violence simply satisfied the statutory elements of robbery, but otherwise added nothing to the crime. We find no merit in his position. First, physical restraint is not an element of the offense of robbery under § 1951(a) (the Hobbs Act). *See United States v. Buffey*, 899 F.2d 1402, 1403 (4th Cir. 1990) (setting out elements). The offense can be committed without physically restraining the victim.

Second, because the applicable guideline, § 2B3.1, incorporates physical restraint as a specific offense characteristic, it is not necessary to determine whether the restraint "adds to the basic crime" (as in *Mikalajunas*, where an adjustment under § 3A1.3 was at issue), but only whether physical restraint occurred during the robbery.

Last, we agree with the district court that Lloyd used his gun to physically restrict the victims' movements. Lloyd pointed the gun at the clerk, forced him into the office and then forced him to lead Lloyd to the Patels' apartment, and finally forced all three victims to lie on the floor before he left. *See Wilson*, 198 F.3d at 472 (victim physically restrained by being prevented at gunpoint from leaving car until defendants took her money and got control of car); *United States v.*

*Thompson*, 109 F.3d 639, 641 (9th Cir. 1997) (defendant forced one victim to lie on floor and another victim to walk short distance at gunpoint). *But see United States v. Drew*, 200 F.3d 871, 880 (D.C. Cir. 2000) (finding restraint through bodily contact or confinement necessary); *United States v. Anglin*, 169 F.3d 154, 164-65 (2d Cir. 1999) (same).

Consequently, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*